Shaw, C. J.
It appears to us that this nonsuit was right, The plaintiff must recover upon the strength of his own title and not upon the want of any title in the defendant.
1. The action is trespass upon the case, for a disturbance, In his first count, the plaintiff sets out a good title, to wit, OAvnership in fee of a tract of land de'scribed, bounding on a highway, and the erection of a building on the hightvay by the defendant, adjoining the plaintiff’s land, by which he receives a special and particular damage. But the evidence Avholly fails to support it. It was laid out as a town way, in 1734, and was discontinued by vote of the town, September 5th 1829. The town had authority to discontinue the way by Rev. Sts. c. 24, § 70, which follow, in this respect, St. 1785, c. 75, § 7, which was in force when this road was discontinued. If the plaintiff sustained damage in his land by the discontinuance, he, or his predecessor, then owner of the land, was entitled to damages. St. 1785, c. 75, § 7. The conclusion of law therefore is, that the plaintiff, or the former OAvner of this land, has received a full indemnity for its *525 discontinuance, or that he sustained no damage thereby. This town way being discontinued, the plaintiff stands on the same footing as if it had never existed, and his main averment of the existence of such a way, and of the bounding of his land on it, is negatived. Had sufficient time elapsed to raise a presumption of a right of way by user, it would not aid the plaintiff, because the case finds that he has never used the strip of land in question as a way, and that his land has been separated from it by a stone wall.
2. ‘ The second count does not aver that the strip of land, on which the defendant has erected his building, was a highway or town way, but only that it was a narrow strip of land lying between the plaintiff’s land and the Central Turnpike This averment may be true; but it would be quite consistent with the fact, that it was private property; and then the erection by the defendant was not injurious to the plaintiff, unless he can establish a right to some easement in or over it. Even if such erection was a trespass upon the owner, it would not aid the plaintiff to maintain an action. If it was a nuisance to the plaintiff, he could maintain an action for the disturbance against the builder, whether he was the owner of the soil, or a trespasser upon the owner; but if it was not a disturbance of any easement of the plaintiff, then he could maintain no action against either the owner or a stranger. But the plaintiff shows no right to any such easement; not to a right of way; for he has never used it for passing or repassing to his land; nor for air and light; for he has no ancient or other house or building on his land, to enjoy them.
3. It was urged, that as some of the deeds under which the plaintiff claims, bounded the land on a way, it may be presumed that the grantor was the owner of the soil under the highway ; so that when it was discontinued, the plaintiff would have a right, as against such grantor and all claiming under him, still to use the land as a way, upon the discontinuance of the public easement. Parker v. Inhabitants of Framingham, 8 Met. 267. This argument would be well founded, if it were established by proof, as in the case cited, *526 that such grantor was the owner of the soil of the Avay. Such a fact can no more be presumed without proof, than any other fact necessary to give effect to words of grant, estoppel, or warranty, express or" implied, contained in a deed.
4. If the plaintiff would contend, from the terms of his deeds, and on other proof, that the town way was laid over the land of his predecessor, in 1734, and that, by the terms of his deeds, he held adjilum vim, to the centre of the way, so that, when the way Avas discontinued, the land, to that extent, was his, discharged of the incumbrance, his remedy would not be an action upon the case for a disturbance of an easement, but a real action on his title in fee.

Nonsuit to stand